# EASTERN DISTRICT OF WISCONSIN

CHRISTOPHER L. JACKSON,
        Plaintiff,

v.                                                             Case No. 20-C-1148

CHAD VARTANIAN and
RICHARD BILSON,
        Defendants.

## ORDER

On February 10, 2021, I screened plaintiff Christopher L. Jackson's amended complaint and allowed him to proceed on Fourth Amendment claims against Detective Chad Vartanian and Special Agent Richard Bilson. ECF No. 9. On April 12, 2021, Vartanian answered the complaint. ECF No. 22. Bilson requested additional time to file a responsive pleading (ECF No. 24) and, rather than answer, moves to dismiss the amended complaint against him under Federal Rule of Civil Procedure 12(b)(6). ECF No. 29. The plaintiff opposes the motion (ECF No. 33), which is fully briefed and ready for this decision.

### I.    BACKGROUND

The amended complaint alleges that Bilson is a Special Agent with the Federal Bureau of Investigation and that Vartanian is a Detective with the Milwaukee Police Department. ECF No. 10, ¶ 2-3. The two were partners in the FBI's Southeastern Wisconsin Regional Gang Task Force. *Id.*, ¶ 32. The Task Force is comprised of agents from the Milwaukee Police Department, Drug Enforcement Administration, and FBI. *Id.*, ¶ 33.

Bilson and Vartarian both attended Task Force briefings during which an unidentified source identified an individual known as "C." *Id.*, ¶ 8-9. In response to a request by Detective Richard Tank of the Brookfield Police Department about an individual known as "C," Vartanian identified Jackson and provided other false information that was subsequently used to support a no-knock warrant. *Id.*, ¶¶ 13–16. A state judge granted the warrant based on the false information, and the FBI Task Force, the Milwaukee Police Department Tactical Enforcement Unit, and the Brookfield Police Department executed the warrant to search Jackson's home. *Id.*, ¶¶ 17–18. Bilson was present during the briefing on the search warrant and knew that Jackson was not the individual known as "C." *Id.* ¶ 32. Bilson and Vartanian nonetheless helped execute the warrant and search Jackson's home. *Id.*, ¶¶ 25, 32. When the search began, Jackson jumped through a closed glass window and suffered pain and injuries. *Id.*, ¶¶ 22–24. Bilson filed a criminal complaint against the plaintiff based on the search. *Id.*, ¶ 27. Jackson lost his job and home because of the federal charges. *Id.*, ¶ 28.

The amended complaint asserts that Bilson and Vartanian violated Jackson's rights under the Fourth Amendment when they executed the no-knock warrant and searched his home because they knew or should have known the information in the warrant was false. *Id.*, ¶ 30. Bilson also "failed to act with deliberate or reckless disregard" by failing to stop the faulty warrant from being used to search Jackson's home despite knowing the information used to obtain the warrant was false. *Id.*, ¶ 31. Finally, Jackson alleges that Bilson was "acting within the scope of [his] employment with the FBI Gang Task Force, under the color of state law to deprive plaintiff of his constitutional right." *Id.*, ¶ 40.

Bilson asserts that the amended complaint correctly alleges that Bilson is a federal law enforcement officer who at the time of the events was a member of a federal task force. ECF No. 30 at 6. Bilson contends that because he was acting under color of federal law, he cannot be held liable under Section 1983. *Id.* at 6. He also argues that Jackson has not sufficiently pled a conspiracy claim under Section 1983. ECF No. 34 at 5–7. He acknowledges that he may be liable, if at all, in a suit brought under *Bivens v. Six Unknown Federal Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). ECF No. 30 at 6–7. Bilson contends, however, that the plaintiff does not state a cognizable basis for relief under *Bivens*, so the amended complaint must be dismissed against him. *Id.* at 7.

## II.     STANDARD OF REVIEW

A motion to dismiss for failure to state a claim tests the legal sufficiency of a complaint not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). I "accept the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Rule 12(b)(6) motions must be made only on the pleadings, which includes "the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice."

*Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). If the moving party presents additional matters outside the pleadings, the court must either exclude them from consideration of the motion or convert the motion into one for summary judgment under Fed. R. Civ. P. 56. *See* Fed. R. Civ. P. 12(d). I may consider new allegations in the non-moving party's response only if "'they are consistent of the allegations in the complaint.'" *Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1367 n.2 (7th Cir. 1997) and *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)). I will not consider the plaintiff's new allegations "to the extent that they raise new claims." *Id.*

Defendant Bilson's motion contains two attachments. The first is the criminal complaint stemming from the search of the plaintiff's house and the affidavit in support of the criminal complaint. ECF No. 30 at 18–23. Bilson points out that the criminal complaint and affidavit are "matters of public record" of which the court may take judicial notice. *Id.* at 2 n.2; *Parungao v. Cmty. Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned."). The criminal complaint and affidavit are not sealed and are available on the electronic docket for the plaintiff's criminal case. *See* Case No. 15-CR-227-LA, ECF No. 1. The amended complaint refers to the criminal complaint, ECF No. 10, ¶ 27, and the plaintiff does not object to the court's consideration of the criminal complaint and affidavit. The second attachment contains electronic versions of unpublished decisions cited in Bilson's brief, which he provided consistent with this court's local rules. *See* Civil L. R. 7(j)(2). I will therefore consider these documents without converting the motion to dismiss into one for summary judgment.

## III. DISCUSSION

Section 1983 makes liable '[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must sufficiently allege: (1) a constitutional violation, (2) committed by someone acting under color of state law. *Case v. Milewski*, 327 F.3d 564, 566 (7th Cir. 2003). "Although an action brought pursuant to § 1983 cannot lie against federal officers acting under color of federal law, it is assumed that a § 1983 action can lie against federal employees—as it can against private individuals—if they conspire or act in concert with state officials to deprive a person of her civil rights under color of state law. *Id.* at 567; *see also Hampton v. Hanrahan*, 600 F.2d 600, 623 (7th Cir. 1979), *rev'd in part on other grounds*, 446 U.S. 754 (1980) ("[W]hen federal officials are engaged in a conspiracy with state officials to deprive constitutional rights, the state officials provide the requisite state action to make the entire conspiracy actionable under section 1983.").[1]

The parties dispute whether Jackson sufficiently pled a conspiracy such that Bilson, a federal agent on a federal task force, may be held liable under Section 1983. "A civil conspiracy is 'a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means.'" *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015) (quoting *Scherer v Balkema*, 840 F.2d 437, 441 (7th Cir.

---

[1] Bilson argues that this theory of liability does not square with the Supreme Court's interpretation of Section 1983. ECF No. 34 at 6 n.5. However, neither *Case*'s nor *Hampton*'s formulation of conspiracy liability under Section 1983 has been overturned. Absent that, I must apply federal law as it is interpreted by the Seventh Circuit.

5

1988). "[I]t it is enough in pleading a conspiracy merely to indicate the parties, general purpose, and approximate date, so that the defendant has notice of what he is charged with." *Walker v. Thompson*, 288 F.3d 1005, 1007 (7th Cir. 2002); *see also Cooney v. Rossiter*, 583 F.3d 967, 970 (7th Cir. 2009) (citing *Walker* with approval after *Twombly* and *Iqbal*).

Bilson characterizes the complaint as bereft of any suggestion beyond a bare conclusion that he conspired with state and local police officers, like the complaint in *Cooney*. Jackson's complaint is easily distinguishable from the *Cooney* complaint, which only alleged, "Bischoff and Dr. Lyle Rossiter, with the aid of Judge Nordquist, Dan Cain, and Brian Klaung continued the ongoing violations of Plaintiff, Deborah's Constitutional rights." *Id.* at 971; *see also Hess v. Kanoski & Assocs.*, 668 F.3d 446, 456 (7th Cir. 2012) ("The complaint stated, without elaboration, that the 'defendants combined with each other to commit unlawful acts mentioned above or to cover up the unlawful acts mentioned above.' This is not enough."); *Wilson v. Rundle*, 774 F. App'x 989, 991 (7th Cir. 2019) ("Wilson accused Vilt of acting 'on behalf of' or 'in conjunction with' Buckley but offered no elaboration except that Vilt had not complied with prison procedures. These allegations are simply too conclusory to plead a conspiracy between Vilt and Buckley.").

Jackson alleges the following. Bilson and Vartarian were partners at the FBI Southern Wisconsin Regional Gang Tasks Force. ECF No. 10, ¶ 32. On September 24, 2014, Vartarian attended a briefing where he learned about an individual known as "C," who was a Black male born on December 5, 1979. *Id.*, ¶ 8. On July 30, 2015, Bilson attended a different briefing where he learned about an individual known as "C," who was in his forties and drove pickup trucks and "old school" sedans. *Id.*, ¶ 9. On October 29,

2015, Detective Richard Tank of the Brookfield Police Department requested information on an individual known as "C," who was a Black male with light skin, in his twenties, living around 40th and North, and driving a burgundy Infiniti. *Id.*, ¶ 10. A day later, Vartarian told Tank that Jackson was "C," that reliable confidential informants had identified Jackson at "C," that "C" was known to sell narcotics, and that "C" was a member of the HPT/ATK gang. *Id.*, ¶ 12. This information was false, and Vartarian nonetheless knowingly, intentionally, or with reckless disregard for the truth provided it to Tank. *Id.*, ¶ 15. Tank relayed Vartarian's response to Detective Eric Levenhagen of the Brookfield Police Department, who served as the affiant for a no-knock warrant to search Jackson's home. *Id.*, ¶16. Bilson attended a briefing on the warrant and knew that Jackson was not the "C" who affiliated with the HPT/ATK gang. *Id.*, ¶ 32. Even so, on November 5, 2015, Bilson and Vartarian, along with the FBI Task Force, the Milwaukee Police Department Tactical Enforcement Unit, and the Brookfield Police Department, helped execute the no-knock warrant at Jackson's home. *Id.*, ¶ 18, 25. The two subsequently helped search Jackson's home. *Id.*, ¶ 25. Bilson then filed a criminal complaint against him in this district court. *Id.*, ¶ 27. The purpose of this conspiracy was to deprive Jackson of his Fourth Amendment rights by searching his home without a valid warrant. *Id.*, ¶ 17, 25, 30.

Jackson has not recited threadbare legal conclusions like the plaintiffs in *Cooney*, *Hess*, or *Wilson*. Rather, the amended complaint provides a plausible basis to conclude Bilson conspired with state actors to violate his Fourth Amendment rights. Jackson has sufficiently pled Bilson's basis for liability under Section 1983, even though he was a federal agent on a federal task force. Accordingly, I will deny Bilson's motion to dismiss on Jackson's Section 1983 conspiracy claim.

Bilson also argues that Jackson's complaint fails to state a claim for relief under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 288 (1971). A plaintiff who fails to defend a claim on a motion to dismiss has waived that claim. *See Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Jackson emphatically rejects any reading of his complaint as alleging a *Bivens* claim and therefore does not respond to Bilson's arguments. ECF No. 33 at 6, 12. Accordingly, I will grant Bilson's motion to dismiss on any *Bivens* claims.

## IV. CONCLUSION

Bilson moved to dismiss Jackson's complaint for failure to state a claim under Section 1983 and *Bivens*. Jackson sufficiently pled a Section 1983 conspiracy claim. However, he waived any *Bivens* claims against Bilson by failing to respond to Bilson's arguments on the matter.

**IT IS THEREFORE ORDERED** that Bilson's motion to dismiss (ECF No. 29) is **GRANTED IN PART** and **DENIED IN PART**. Any *Bivens* claims against Bilson are **DISMISSED WITH PREJUDICE**. Jackson may proceed on his Section 1983 conspiracy claim against Bilson. I will enter a separate order setting discovery and dispositive motion deadlines.

Dated at Milwaukee, Wisconsin, this 4th day of October, 2021.

s/Lynn Adelman
LYNN ADELMAN
United States District Judge